## State Depositories.

*Depositories of State funds—Method of selection—Not required to be in business for two years.*

Banking institutions and trust companies may be selected as depositories of the public funds of the State, although they have not been in business for two years or any other period, if they are otherwise qualified under the statutes to act as depositories.

Department of Justice. Opinion to Hon. Clyde L. King, Secretary, Board of Finance and Revenue.

WOODRUFF, Att'y-Gen., May 28, 1925.—Pursuant to the request from the Board of Finance and Revenue, I am sending you, with copies to the other members of the board, this formal opinion on the following question: Is the practice which has been in force in the selection of State depositories to confine the selection to banks, banking institutions and trust companies which have been doing business for a period of at least two years, a practice required by law, or is it a matter of discretionary policy on the part of the Board of Finance and Revenue?

A careful search does not disclose that there is any statutory provision with regard to the selection of "banks of deposit," except that contained in the Act of Feb. 17, 1906, P. L. 45. Section 1 of said Act of 1906 reads as follows: "On and after the first day of June, one thousand nine hundred and six, the selection of the banks, banking institutions or trust companies in which the State moneys shall be deposited shall be made by the Revenue Commissioners and the Banking Commissioner, jointly, or a majority of them; and for this purpose they shall meet once a month, or oftener, at the call of the State Treasurer; but no selection shall be made of any institution not subject to National or State supervision, except as hereafter provided."

Section 2 of said Act of 1906 provides in considerable detail how the "banks, banking institutions and trust companies" shall make their applications for deposits of State money, and what shall be set forth in such applications.

Section 3 of said act provides specifically how "private banking institutions" shall qualify to receive deposits of State money.

Other acts or sections, such as the Act of July 18, 1917, P. L. 1065, which amends sections 4 and 8 of the said Act of Feb. 17, 1906; sections 5, 6, 7, 9, 10, 11 and 12 of the said Act of 1906; the Act of June 15, 1897, P. L. 157, and the Act of April 17, 1905, P. L. 183, cover other phases of the amount of deposits, rate of interest, reporting by the treasurer, and date of deposits; but none of them has anything to do with the question stated above herein.

Therefore, our investigation must be confined to sections 1, 2 and 3 of said Act of Feb. 17, 1906, and therein we find no mention whatever of the length

of time that any "bank, banking institution or trust company" must have been in business before it is qualified to be selected by the Revenue Commissioners and the Banking Commissioner (now the Board of Finance and Revenue by virtue of section 1102 of the "Administrative Code," Act of June 7, 1923, P. L. 498) to be entitled to become a depository of State funds.

Therefore, it is my opinion that, although the Board of Finance and Revenue may in good faith and within reason adopt and follow rules as to the qualification of banks, banking institutions or trust companies which it will select as State depositories, there is, nevertheless, no statutory requirement that the board must reject applications of any such institutions because of the length of time they have been doing business, provided such institutions are otherwise qualified for such selection and conform to the requirements of the law and the rules of the board.        From C. P. Addams, Harrisburg, Pa.